207 F.2d 503
 Elizabeth S. HALBACH and Franklin H. Stafford, as Trustees
Under Agreement of Trust Made by Ernest K.
Halbach, Dated December 6, 1940,
v.
James E. MARKHAM, as Alien Property Custodian.
Appeal of Anne Halbach BUMSTED and Mary Elizabeth Kemmerer,
Successors in Interest to the Above-named Trustees.
 No. 10907.
 United States Court of Appeals
Third Circuit.
 Argued Oct. 22, 1953.
Decided Nov. 2, 1953.
 
 Alvin O. West, Washington, D.C. (Joseph B. Keenan, Washington, D.C., Thomas J. Brogan, Jersey City, N.J., on the brief), for appellants.
 David Schwartz, Washington, D.C. (Rowland F. Kirks, Asst. Atty. Gen., Director, Office of Alien Property, Washington, D.C., Paul V. Myron, Deputy Director, Dorchester, Mass., Grover C. Richman, Jr., U.S. Atty., Dist. of N.J., Camden, N.J., James D. Hill, George B. Searls, Paul E. McGraw, Washington, D. C., Attorneys, on the brief), for appellee.
 Before MARIS, GOODRICH and KALODNER, Circuit Judges.
 PER CURIAM.
 
 
 1
 The plaintiffs appeal from an order of the district court denying their motion filed January 25, 1951 to vacate the stipulation and judgment of dismissal with prejudice which had been entered by the district court on February 2, 1945 in their action to recover from the defendant 4725 shares of stock of General Dyestuffs Corporation which he had seized on June 30, 1942 under the Trading with the Enemy Act, 50 U.S.C.A.Appendix, § 1 et seq. The stipulation and judgment in question involved a compromise settlement of the litigation under which the defendant paid the plaintiffs the sum of.$557,550, or $118 per share, and retained the shares which were then worth much more than that amount.
 
 
 2
 In support of their motion the plaintiffs assert that neither the defendant Alien Property Custodian nor the Attorney General who represented him in the litigation were legally authorized to make the compromise settlement in question and that the stipulation agreeing to the settlement was executed by the plaintiffs under duress. Both contentions were fully considered by the district court and were held to be without merit in a comprehensive and well reasoned opinion filed by Judge McLaughlin. 106 S.Supp. 475. We find ourselves in complete accord with the views therein expressed and need add nothing thereto.
 
 
 3
 The order of the district court will be affirmed.